TERENCE JOHN GREW, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Grew v. Commissioner
Docket Nos. 28577-82, 33161-83, 24050-84.
United States Tax Court
T.C. Memo 1986-47; 1986 Tax Ct. Memo LEXIS 562; 51 T.C.M. (CCH) 405; T.C.M. (RIA) 86047; February 3, 1986. *563 Peter R. Stromer, for the petitioner. Donna J. Rice, for the respondent. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined deficiencies in petitioner's income tax for the years 1977, 1978, 1979, and 1980 in the respective amounts of $1,208, $11,125, $8,664, and $10,192 and additions to tax under section 6653(a) [1] in the respective amounts of $60, $556, $433, and $510. Respondent has requested damages under section 6673. The issues for decision are: 1) whether petitioner is entitled to deductions for purported charitable contributions for the years in issue; 2) whether petitioner is entitled to deductions for a long-term capital loss for the year 1978, automobile expenses for 1979, and employee business expenses and investment tax credits for the taxable years 1978 and 1979; 3) whether petitioner is liable for additions to tax under section 6653(a) for the years at issue; and 4) whether damages under 6673 should be awarded. FINDINGS OF FACT The stipulation of facts and the attached exhibits *564 are incorporated herein by this reference. Petitioner was a legal resident of San Francisco, California at the time he filed his petition. Petitioner received a charter from the Universal Life Church, Inc. of Modesto, California, an entity that enjoyed tax exempt status under section 501(c)(3) during the years in issue. Petitioner's congregation of the Universal Life Church had Charter No. 24466 and was known as the chapel of the Sea. The facility in which the Chapel of the Sea carried on its activities was a 30-foot sailing sloop known as a Catalina 30. Petitioner used the sailboat for his own pleasure and for chapter functions. As minister of the Chapter of the Sea congregation, he had discussions aboard the sailboat two and sometimes three times a month relating to the beliefs and tenets of the Universal Life Church. He also occasionally counselled friends and performed approximately 10 marriages. No evidence was presented with respect to the percentage of time that the boat was used for church activities as opposed to other activities. Title to the sailboat was held by petitioner personally and not by the Chapel of the Sea Charter No. 24466. Petitioner maintained bank *565 accounts in the names of Chapel of the Sea Charter No. 24466 and Universal Life Church, Inc. Charter No. 24466 at the Bank of America. Petitioner had sole signatory authority over these accounts. He also maintained a personal account at the Bank of America. Funds from the Charter No. 24466 accounts as well as funds from his personal account were used to pay the expenses of the sailboat. These payments made up the charitable contributions claimed by petitioner on his returns for the years at issue. Petitioner was not able to substantiate the entire amount of the claimed deductions. He made no contributions to Universal Life Church, Inc. of Modesto, California. He, however, did send quarterly reports to Modesto on behalf of Charter No. 24466. Although these reports provided the basis for receipts sent to petitioner by the Modesto organization at his request, the Universal Life Church in Modesto did not verify petitioner's alleged contributions. Petitioner is not entitled to any charitable contribution deductions for alleged contributions to Universal Life Church Chapel of the Sea, Charter 24466 or for alleged contributions to any other charitable organization during the taxable *566 years 1977, 1978, 1979, and 1980. Petitioner has offered no proof and has failed to substantiate the deductions for long-term capital loss in the year 1978, automobile expenses for 1979, and employee business expenses and investment tax credits for the taxable years 1978 and 1979. OPINION The first issue for decision is whether petitioner is entitled to any deductions for charitable contributions under section 170. Sections 170(a) and (c) allow as a deduction any charitable contribution that is made during the taxable year if the organization to which the contribution is made is organized and operated exclusively for religious purposes and no part of the net earnings inures to the benefit of any private individual. Deductions are a matter of legislative grace and taxpayers must satisfy the specific requirements of the deductions they claim. . Taxpayers bear the burden of proving their entitlement to the deductions they claim. . These rules apply with eaual force to deductions claimed for charitable contributions. , *567 affd. without published opinion . The Universal Life Church, Inc. of Modesto, California was determined to be tax exempt under section 501(c)(3) in . The Internal Revenue Service has recently withdrawn its recognition of the tax exempt status of the Modesto organization and that decision is presently before the Claims Court. Petitioner contends that his contributions were made to the Universal Life Church, Inc. of Modesto, California, an organization possessing a charitable exemption during the years at issue. He argues strenuously that the Chapel of the Sea Charter No. 24466 is not a separate organization but is merely a congregation of and really the same organization as the Modesto organization. He contends that setting up a bank account in the name of Chapter 24466 over which he had sole signatory authority was authorized by the Modesto organization and that he was merely acting in a fiduciary capacity for the Modesto organization. It has been found many times, and we find once again, that this argument does not hold water. The Chapel *568 of the Sea is a separate and distinct organization from the Modesto organization and is not entitled to its tax exempt status. [2]
Petitioner has offered receipts from the Modesto organization to support his charitable deductions. As we have found many times before, and once again find, these receipts were prepared for petitioner and supplied to him at his request based upon reports filed by him with the Modesto organization. The Modesto organization made no independent investigation of the underlying facts. The receipts from the Modesto organization are hearsay, do not come under any business records exception as argued by petitioner, and are totally lacking in probative value. Neither the testimony of Bishop Imbeau, Vice President of the Unversal Life Church, Inc. of Modesto, nor the testimony of petitioner, which was largely uncorroborated by either checks or other credible documents, is sufficient to establish that contributions were made. Petitioner maintained complete control over the purported contributions and used them for the expenses of his *569 Catalina 30 sailboat. We find that petitioner's principal objective was to own, operate, and enjoy a 30-foot sailboat on a tax deductible basis, and that his interest in church and religious matters was minimal at best. Petitioner has rested his entire case on being a congregation and an integral part of the Modesto organization. He has not argued, nor could he, that the activities of the Chapel of the Sea Charter No. 24466 meet the requirements of section 170(c). We note in passing that petitioner has presented some evidence of religious discussions, counselling, and the performance of marriage ceremonies. The record, however, is completely devoid of any evidence with respect to the amount of these activities in relation to the amount of time during which petitioner used his sailboat for pleasure. Proof of religious activities is so vague and minimal that it not only does not support a contribution to Charter 24466, but it casts a cloud of doubt over petitioner's entire case and his general motives. Several other non Universal Life Church issues were raised in the pleadings, including deductions for a capital loss in connection with an investment at Lake Tahoe, auto expenses, *570 employee business expenses, and investment tax credits. Petitioner has conceded some of these issues and to the extent that he has not conceded the issue, he has introduced no evidence whatsoever to support his position. Accordingly, we sustain respondent's determinations with respect to these issues. Respondent has determined additions to tax under section 6653(a) for all of the years at issue. Petitioner has failed to prove that respondent's determination in this respect was wrong and the entire record supports the conclusion that petitioner was negligent and in total disregard of rules and regulations in connection with his income tax returns for all of the years at issue. Finally, we come to the question of section 6673 and respondent's request that the Court award damages pursuant thereto. Petitioner has argued that this section is unconstitutional. Because this argument has been continuously rejected, making it again is in and of itself frivolous and groundless. See , and the cases cited therein. The issues raised by petitioner with respect to his contributions to Universal Life Church Chapel of the Sea Charter *571 24466 are also frivolous and groundless. Petitioner was well aware of the strong tide of cases running against him from this Court. Even if he had not known about those cases, no reasonable person could expect that the maintenance and operation of a 30-foot sailboat could result in a charitable contribution deduction. Petitioner has continued to advance legal arguments that have long been settled against him and as such his position is frivolous and groundless. We award damages to the United States in the total amount of $5,000 ($1,000 in Docket No. 28577-82, $2,000 in Docket No. 33161-83, and $2,000 in Docket No. 24050-84). To reflect the foregoing, Decisions will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended, and in effect during the years in issue.↩
2. .↩